# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> LEROY BEAUCHAMP and NOVA BIG LEGGINS, <br><br> Defendants. | Case No. CR-17-78-GF-BMM <br><br> **AMENDED ORDER** |

Defendant Leroy Beauchamp's (Beauchamp) Unopposed Motion to Extend Trial Schedule (Doc. 55), is now before the Court. The Government has no objection.

Beauchamp states in his motion that additional investigation needs to be conducted. Because of this factor, a continuance of the trial in this matter is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the

defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Beauchamp is charged with Felony Child Abuse, 18 U.S.C. §. He faces a potential ten years in prison if convicted. The crime allegedly occurred on or about June, 2017 near Wolf Point, in the State and District of Montana and within the boundaries of the Fort Peck Indian Reservation.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by a continuance outweighs the

interests of the Defendant and the public in a speedy trial.  The failure to grant a continuance would deny Beauchamp and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice.  Accordingly,

**IT IS HEREBY ORDERED** Defendant's Unopposed Motion Extend Trial Schedule (Doc. 55), is **GRANTED.  IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for March 5, 2018, **FOR BOTH DEFENDANTS** are **VACATED**.   The following schedule shall apply **FOR BOTH DEFENDANTS**: The final pretrial conference is rescheduled for **Monday, April 16, 2018 at 8:30 a.m.**  The parties are to report to the chambers of the undersigned.  The jury trial is rescheduled for **Monday, April 16, 2018 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The motions deadline is **March 16, 2018**. The plea agreement/notice of intent to proceed to trial deadline is **April 2, 2018.**  Expert reports are due on or before **April 3, 2018**.  The Jury Instructions and Trial Briefs are due by **April 9, 2018.**

**All time between the date of this Order and April 16, 2018, shall be excluded for purposes of speedy trial FOR BOTH DEFENDANTS**.

DATED this 14th day of February, 2018.

_____
Brian Morris
United States District Court Judge