# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LEROY BEAUCHAMP, <br><br> Defendant. | CR-17-78-GF-BMM <br><br> **ORDER** |

Defendant Leroy Beauchamp moves the Court to dismiss the Indictment against him on the grounds that it lacks the requisite specific facts to apprise Beauchamp of the offense of which he is charged. (Doc. 43 at 2-3.) The Court held a hearing on this matter on February 15, 2018. (Doc. 62.)

## BACKGROUND

The Grand Jury indicted Beauchamp on a single count of Felony Child Abuse. (Doc. 1 at 1.) The Indictment alleges:

> "That in or about June 2017, near Wolf Point, in the State and District of Montana, and within the exterior boundaries of the Fort Peck Indian Reservation, being Indian Country, the defendants, LEROY BEAUCHAMP and NOVA BIG LEGGINS, Indian persons, who are over the age of 18 years, purposely and knowingly caused bodily injury to a minor, A.T.B., an individual who had not attained the age of 14 years, and aided and abetted in

the same, in violation of 18 U.S.C. §§ 1153(a), 2 and Mont. Code Ann. § 45-5-212(1)."

(Doc. 1 at 1.)

## LEGAL STANDARD

The Due Process Clause of the Sixth Amendment to the United States Constitution provides those accused of a crime the right "to be informed of the nature and cause of the accusation." The Federal Rules of Criminal Procedure further require that a criminal indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . ." Fed. R. Crim. P. 7(c)(1).

The Ninth Circuit has instructed that an indictment will comport with the Due Process clause where it: 1 (1) "enable[s] [a defendant] to prepare his defense"; (2) "ensures" that the defendant "is being prosecuted on the basis of facts presented to the grand jury"; (3) "enable[s] [a defendant] to plead double jeopardy against a later prosecution"; and (4) "inform[s] the court of the facts alleged so that it can determine the sufficiency of the charge." *U.S. v. Livingston*, 725 F.3d 1141, 1145 (9th Cir. 2013) (internal citations omitted). To meet this test, the indictment must "allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *Id*.

An indictment may be found sufficient where it sets forth the charge "in the words of the statute itself" provided those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Supreme Court has instructed that an indictment will be found "defective" where the indictment tracks the language of the statute yet fails to apprise the defendant "with reasonable certainty" of the charge against him. *Russell v. United States*, 369 U.S. 749, 765 (1962).

The Court must review the indictment "in its entirety" and with "common sense and practicality." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (internal citations omitted). The requisite test does not ask "whether [the indictment] could have been framed in a more satisfactory manner," but "whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009).

## DISCUSSION

Beauchamp argues that the face of the Indictment fails to apprise him with reasonable certainty of what conduct the Government intends to prosecute. Beauchamp further alleges that the Indictment leaves him vulnerable to double

jeopardy. Beauchamp cites the "open-ended" timeframe ("in or about June 2017") and the "ambiguous" location ("near Wolf Point") specified in the Indictment as its primary defects. (Doc. 43 at 3-4.)

I.      **Reasonable Certainty**

Beauchamp highlights information provided to him by the United States in discovery that discusses an earlier alleged incident involving the same child that occurred in January or February of 2017. (Doc. 43 at 4-5.) Beauchamp's counsel reasons that such material demonstrates the Indictment's alleged deficiency because Beauchamp unable to discern from the language of the indictment whether such alleged abuse is the subject of the instant prosecution.

Though the Government "'should be as specific as possible in delineating the dates and times of abuse offenses,' '[f]airly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements' because of the inherent difficulties in investigating and prosecuting child abuse." *United States v. Beasley*, 688 F.3d 523, 533 (8th Cir. 2012) (6 ½ year time frame not too large); *quoting Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) (10 ½ month time frame not too large); see also, *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir. 1990) (3 year time frame not too large).

Counsel for both sides represented to the Court at oral argument that three of

4

the witnesses involved in this prosecution are under the age of 10. Given the inherent difficulties of asking child witnesses for more specific dates, and the Government's decision to identify a specific month rather than a long span of time, the Court is not persuaded that the Indictment is deficient in this regard.

By the plain language of the Indictment, Beauchamp has been apprised that he has been charged with the crime of felony child abuse. The Indictment further informs Beauchamp of the name of the victim. The Indictment includes the location of the offense. The Indictment specifies, finally, the approximate month of the alleged conduct. The Court finds that this meets the minimal constitutional standard described by the Ninth Circuit. *Awad*, 551 F.3d 935.

Beauchamp could conclude with reasonable certainty, furthermore, that "in or about June" would not seek to hold Beauchamp accountable for the February incident. The Court presumes that, within the over-500 pages of discovery provided to the Defendant, the Government has also included information about June conduct that is the subject of the Indictment. It would further be reasonable for Beauchamp to conclude that the February discovery information may have been provided to him if the Government intends to introduce such evidence for the purpose of excluding any injuries the victim possessed before the alleged June incident.

## II. Double Jeopardy

Beauchamp further argues that the lack of specificity in the Indictment leaves him without the ability to plead double jeopardy in a subsequent prosecution. (Doc. 43 at 5.) To bring a subsequent charge for conduct that occurred "on or about June 2017, near Wolf Point," the United States would have to demonstrate new or different injuries to the child, that is, new or different facts. The Court recognizes that such a showing would be difficult to make, and that such showing would likely be made in this Court. The Court is therefore unpersuaded that the language of the Indictment puts Mr. Beauchamp at risk of double jeopardy.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendant Leroy Beauchamp's Motion to Dismiss the Indictment (Doc. 42) is **DENIED**.

DATED this 16th day of February, 2018.

_Brian Morris_
Brian Morris
United States District Court Judge