IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-78-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LEROY BEAUCHAMP, | |
| Defendant. | |

## I. Synopsis

Defendant Leroy Beauchamp (Beauchamp) has been accused of violating the conditions of his supervised release. Beauchamp admitted the alleged violation. Beauchamp's supervised release should be revoked. Beauchamp should be placed in custody for 6 months, with 24 months of supervised release to follow.

## II. Status

Beauchamp pleaded guilty to Criminal Child Endangerment on October 2, 2018. (Doc. 100). The Court sentenced Beauchamp to 33 months of custody, followed by 2 years of supervised release. (Doc. 111). Beauchamp's current term of supervised release began on July 24, 2020. (Doc. 146 at 1).

**Petition**

The United States Probation Office filed a Petition on September 16, 2021, 2022, requesting that the Court revoke Beauchamp's supervised release. (Doc. 146). The Petition alleged that Beauchamp had violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison.

**Initial appearance**

Beauchamp appeared before the undersigned for his initial appearance on August 4, 2022. Beauchamp was represented by counsel. Beauchamp stated that he had read the petition and that he understood the allegations. Beauchamp waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 4, 2022. Beauchamp admitted that he had violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison. The violation is serious and warrants revocation of Beauchamp's supervised release.

Beauchamp's violation is a Grade C violation. Beauchamp's criminal history category is I. Beauchamp's underlying offense is a Class C felony.

Beauchamp could be incarcerated for up to 24 months. Beauchamp could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Beauchamp's supervised release should be revoked. Beauchamp should be incarcerated for 6 months, with 24 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Beauchamp that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court informed Beauchamp of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Beauchamp that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Beauchamp of his right to allocute before Judge Morris.

The Court **FINDS:**

> That Leroy Beauchamp violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison.

3

The Court **RECOMMENDS:**

That the District Court revoke Beauchamp's supervised release and commit Beauchamp to the custody of the United States Bureau of Prisons for 6 months, with 24 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of August, 2022.

_John Johnston_
United States Magistrate Judge